UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

BRIAN CHANDLER                                                                                    Plaintiff

v.                                                                            Civil Action No. 3:19-CV-00233-RGJ

MCCLAIN DEWEES, PLLC                                                                         Defendant

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

McClain Dewees, PLLC ("Defendant") moves to dismiss Brian Chandler's ("Plaintiff's") amended complaint (the "Motion") [DE 7]. Briefing is complete. [DE 8; DE 9]. The matter is ripe. For the reasons below, Defendant's Motion is **GRANTED IN PART**.

I.     BACKGROUND

Plaintiff owned a condominium unit (the "Condo") in the Highwood Apartment Complex ("Highwood") in Jefferson County, Kentucky. [DE 5 at 27]. Plaintiff's Condo was "subject to the rights, easements, privileges and restrictions as set forth" in the master deed (the "Master Deed"). *Id.* Under the Master Deed, "[o]n or before January 1st of the ensuing year, and the first of each and every month of said year, each unit owner shall be obligated to pay to the board . . . one-twelfth (1/12) of the assessment made pursuant to this paragraph." [DE 7 at 56].

In August 2016, Defendant, as counsel for Highwood, sued Plaintiff in Jefferson County District Court ("Highwood's first suit") to collect unpaid assessments in the amount of "$1,584.85, plus unspecified attorney's fees and costs." [DE 5 at 28]. Three months later, in November 2016, Wells Fargo Bank filed a foreclosure action on Plaintiff's Condo (the "Wells Fargo suit"). *Id.*

In January 2017, Highwood "assessed an annual homeowner's association fee of $2,940 to Plaintiff, to be paid via monthly installments of $245." *Id.* at 28.

1

Plaintiff then filed for Chapter 7 bankruptcy in the Western District of Kentucky in February 2017. *Id.* at 29. Three months later, the bankruptcy court discharged Plaintiff's debt under 11 U.S.C. § 727. *Id.*

In October 2017, the court in the Wells Fargo suit "entered a judgment and order of sale of the Condominium Unit." *Id.* One month later, "pursuant to the [October 2017] judgment, the Jefferson County Master Commissioner sold the Condominium Unit to Bray Property Management, LLC for $63,357 and transferred the property to Bray Property Management, LLC by master commissioner's deed dated December 12, 2017 and recorded on or about June 26, 2018 in the office of the clerk of Jefferson County." *Id.* at 29-30.

In March 2018, Defendant, as counsel for Highwood, sued Plaintiff in Jefferson County District Court ("Highwood's second suit") for "the sum of $4,623.79 for unpaid condominium association assessments and fees, plus additional attorney's fees of $195." *Id.* at 30. One year later, Plaintiff filed a Fair Debt Collection Practices Act ("FDCPA") suit against Defendant in this Court. [DE 1].

In May 2019, Defendant moved to dismiss [DE 4] and Plaintiff responded [DE 6]. Plaintiff then filed an Amended Complaint [DE 5]. Defendant again moved to dismiss [DE 7], Plaintiff responded [DE 8], and Defendant replied [DE 9].

II. **STANDARD**

Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To properly state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all

2

reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers*, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed . . . if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64).

### III. DISCUSSION

Defendant argues that the case should be dismissed because "Plaintiff has not alleged that the Defendant took any action other than filing two law suits and participating in the foreclosure action. There is no allegation of harassing behavior or anything else that would be considered a violation of the [FDCPA]." [DE 7 at 52]. Plaintiff disagrees: "[Defendant] seeks to evade its responsibility liability for not complying with the federal law. The firm sought to collect nearly five thousand dollars from [Plaintiff] for nine months of homeowner's association fee installments, without meaningful disclosure of the composition of the alleged debt." [DE 8 at 107]. Plaintiff

3

also moves to convert the motion to dismiss to one for summary judgment because Defendant's motion "includes matters outside the pleadings, including certain provisions in a master deed" and conversion would allow "plaintiff a reasonable opportunity to present all material that is pertinent to the motion after taking appropriate discovery." *Id.* at 94.

To begin, the Court will not convert the motion to dismiss to a motion for summary judgment. Rule 12(d) of the Federal Rules of Civil Procedure provides that, if "matters outside the pleadings are presented and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." The Court, however, "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein" without converting to a summary judgment. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Here, the Master Deed was referred to in the Amended Complaint and is "central to the claims contained therein." As a result, the Court will not convert the motion to dismiss to a motion for summary judgment.

**A.   FDCPA Claims**

   **1.   Count I (Violation of 15 U.S.C. § 1692d)**

"A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C.A. § 1692d. Section 1692d prohibits debt collectors from seeking to collect debt through, among other tactics, "the use or threat of use of violence," the "use of obscene or profane language," and "[c]ausing a telephone to ring . . . with the intent to annoy, abuse, or harass any person at the called number." *Id.* § 1692d "concern[s] tactics intended to embarrass, upset, or frighten a debtor. They are likely to cause the suffering and anguish which occur when a debt collector attempts to collect

4

money which the debtor, through no fault of his own, does not have." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330 (6th Cir. 2006) (quoting *Montgomery v. Huntington Bank*, 346 F.3d 693, 700 (6th Cir.2003) (internal quotation marks omitted). "The filing of a lawsuit is not the kind of conduct that was intended to be covered by section 1692d." *Harvey*, 453 F.3d at 330 (internal quotation marks omitted).

Plaintiff alleges that Defendant violated 15 U.S.C. § 1692d by "fil[ing] a complaint and a motion for summary judgment against Plaintiff wherein Defendant sought to collect unlawful amounts relating to an invalid debt with intent to annoy, abuse, or harass the Plaintiff, in violation of 15 U.S.C. § 1692d. [DE 5 at 32]. Defendant argues that "[a]t no point during any time that [it] has been attempting to collect the debt owed by the Plaintiff has it engaged in any activity that would violate 15 U.S.C. § 1692d. Additionally, nowhere in the Complaint does the Plaintiff allege any specific action that would be deemed a violation of 15 U.S.C. § 1692d." [DE 7 at 54]. As it is not alleged that Defendant engaged in the type of conduct prohibited by § 1692d, the Court will dismiss Count I.

    **2.**    **Count II (Violation of 15 U.S.C. § 1692e)**

15 U.S.C. § 1692e prohibits a debt collector from use of any "false, deceptive or misleading representation or means in connection with the collection of any debt." "Whether a debt collector's actions are false, deceptive, or misleading is based on whether the 'least sophisticated consumer' would be misled by defendant's actions." *Wallace v. Washington Mut. Bank*, *F.A.*, 683 F.3d 323, 326 (6th Cir. 2012) (citing *Harvey*, 453 F.3d at 329). A "statement must be materially false or misleading . . . mean[ing] that in addition to being technically false, a statement would tend to mislead or confuse the reasonable unsophisticated consumer." *Id.* at 326-327.

Plaintiff alleges that Defendant violated § 1692e because it was "not entitled to collect attorney's fees, interest, late fees, and some or all of the homeowners' assessments, and/or said debt was discharged in bankruptcy, and/or Defendant overstated said amounts in its court filings, discovery requests and responses, and letters to Plaintiff." [DE 5 at 33]. Defendant denies the allegations: "[t]here has been no action taken by the Defendant that even the most unsophisticated consumer would consider to be misleading or deceptive, nor has the Plaintiff alleged that any such activity took place." [DE 7 at 55].

In the Amended Complaint, Plaintiff alleges that in Highwood's second suit Defendant demanded $4,623.79 in its complaint, $4,818.79 in its motion for summary judgment, and $4,148.29 after amending its complaint. [DE 5 at 30-31]. Based on the discrepancy in these amounts and without having access to review the "court filings, discovery requests and responses, and letters to Plaintiff," the Court cannot determine whether "Defendant overstated" and "misrepresented" the amounts. As a result, the Court denies Defendant's Motion as to Count II.

### 3. Count III (Violation of 15 U.S.C. § 1692f)

"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt 15 U.S.C.A." 15 U.S.C. § 1692f. Plaintiff alleges that "Defendant used unfair or unconscionable means to collect or attempt to collect the subject debt, by, *inter alia*, seeking to collect amounts that were not authorized by agreement or permitted by law, including unlawful interest, late fees, and attorney fees." [DE 5 at 34]. Defendant disagrees, arguing that Defendant filed the Highwood lawsuits to collect "unpaid condominium association fees, interest and attorney fees that accrued after the filing of the Plaintiff's chapter 7 bankruptcy and before the date that the Property was transferred out of the Plaintiff's name." [DE 7 at 56].

The Condo was "subject to the rights, easements, privileges and restrictions as set forth" in the Master Deed. [DE 5 at 27]. Under the Master Deed, "[o]n or before January 1st of the ensuing year, and the first of each and every month of said year, each unit owner shall be obligated to pay to the board, or as it may direct, one-twelfth (1/12) of the assessment made pursuant to this paragraph." [DE 7 at 56]. And "[t]he association shall have a lien on a unit for any assessment levied against that unit or fines imposed against its unit owner from the time the assessment or fine becomes due and, if the assessment is payable in installments, the lien shall be for the full amount of the assessment at the time the first installment becomes due." KRS §381.9193. If Highwood sues a delinquent owner, Kentucky law and the Master Deed entitles it to recoup costs, including attorney's fees. *See* KRS §381.9167(1)(k) ("[T]he association . . . may . . . [i]mpose charges for late payment of assessments and, after notice and an opportunity to be heard, levy reasonable fines for violations of the declaration, bylaws, and rules and regulations of the association that may include reimbursement to the association of reasonable fees and costs, including attorney fees associated with the enforcement of this paragraph"); *See also* [DE 7-1 at 84 ("In addition to any remedies or liens provided by law, if any unit owner is in default in the monthly payment of the aforesaid charges or assessments for thirty (30) days, the Association may bring suit for and on behalf of itself and as representative of all owners to enforce collection thereof . . . and there shall be added to the amount due the costs of said suit, together with legal interest and reasonable fees to be fixed by the Court").

The Court finds that, under Kentucky law and the Master Deed, the Defendant was entitled to collect fees and assessments in the Highwood suits. The wrinkle in this case is whether the Defendant could collect the fees and assessments *after* the Plaintiff filed for Chapter 7 bankruptcy. To decide this, the Court must determine whether the fees and assessments were a pre-petition or

7

post-petition obligation. *See In re Jackson*, 554 B.R. 156, 169 (B.A.P. 6th Cir. 2016), *aff'd*, No. 16-4021, 2017 WL 8160941 (6th Cir. Oct. 18, 2017)

A Chapter 7 discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2). But, a Chapter 7 discharge does not discharge a debt "for a *fee or assessment* that becomes *due and payable* after the order for relief to a membership association with respect to the debtor's interest in a unit that has condominium ownership . . . for as long as the debtor or the trustee has a legal, equitable, or possessory ownership interest in such unit." 11 U.S.C. § 523(a)(16) (emphasis added). § 523(a)(16) "was added to the Code to resolve a conflict in the courts about whether condo association fees accruing post-petition in a Chapter 7 case are nevertheless discharged because the contract establishing the fees was entered into pre-petition." *In re Hijjawi*, 471 B.R. 917, 923 (Bankr. N.D. Ill. 2012), *aff'd sub nom. Hijjawi v. Five N. Wabash Condo. Ass'n*, 495 B.R. 839 (N.D. Ill. 2013) ("unpaid post-petition association assessments and fees that came due pre-conversion are non-dischargeable"). And the legislature intended § 523(a)(16) "to broaden the protection accorded to community associations with respect to fees or assessments arising from the debtor's interest in a condominium." *Id.* (quoting H.R. REP. NO. 109–31, at 68 (2005), reprinted in 2005 U.S.C.C.A.N. 88, 154). Thus, "condominium association fees that accrue post-petition while a debtor has a legal ownership interest in a condominium unit are excepted from discharge." *In re Langenderfer*, No. 10-31741, 2012 WL 1414301, at *2 (Bankr. N.D. Ohio Apr. 23, 2012)

Plaintiff argues that "under Kentucky law, when an annual assessment becomes due, the full amount of the assessment is due and payable at the time the first installment becomes due."

8

[DE 8 at 102]. Plaintiff asserts that the assessment "constitutes a pre-petition obligation that was discharged in Mr. Chandler's bankruptcy." *Id.*

Consistent with the policy behind § 523(a)(16) and the weight of authority, however, the assessment, which was to be paid in monthly installments of $245, is post-petition debt and is thus not dischargeable. *See In re Hijjawi*, 471 B.R. at 923; *See In re Spencer*, 457 B.R. 601, 613 (E.D. Mich. 2011) ("In this case, Debtor became liable for Association assessments on an ongoing basis, both before and after the petition date. Each month's new assessment arose not out of some pre-existing obligation to continue paying for some period of time, but as a result of continued ownership of the property"); *See also In re Hall*, 454 B.R. 230, 241 (Bankr. N.D. Ga. 2011) (finding that post-petition assessments are not pre-petition claims); *In re Rosenfeld*, 23 F.3d 833, 837 (4th Cir. 1994) ("Thus, Rosenfeld's obligation to pay the assessments arose from his continued post-petition ownership of the property and not from a pre-petition contractual obligation . . . The post-petition assessments were for the upkeep of common areas and other common expenses during Rosenfeld's post-petition ownership. River Place's right to payment for post-petition assessments did not arise pre-petition and was not extinguished by Rosenfeld's bankruptcy discharge"); *See also In re Montalvo*, 546 B.R. 880, 887 (Bankr. M.D. Fla. 2016) ("[A]ssessments will continue to accrue after the bankruptcy is filed, and the discharge will not relieve the Debtor of these post-petition *in personam* liabilities. Debtor remains personally liable for the post-petition assessments because the obligation runs with the land from the time of his discharge until title to the real property transfers").

Likewise, the Court finds that Defendant was allowed to collect the other fees and costs at issue because, like the assessments, they became "due and payable" post-petition. *See Jackson*, 554 B.R. 156 at 169 ("The record does not provide any evidence that the $802.95 in charges are

9

inconsistent with Jackson's continuing, post-petition obligation to pay fees and assessments to Carlton House. Those charges were not discharged because they were 'due or payable' post-petition and cannot be a basis for finding Carlton House violated Jackson's discharge").

As Defendant was entitled to collect the fees and assessments in the Highwood suits, the Court will dismiss Count III.

## 4. Count IV (Violation of 15 U.S.C. § 1692g)

15 U.S.C. § 1692g(a) provides that:

*Within five days after the initial communication* with a consumer in connection with the collection of any debt, a debt collection shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, *within thirty days after receipt of the notice*, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Plaintiff alleges that the Defendant "failed to include certain information about the debt in its initial communication with Plaintiff that is required by 15 U.S.C. § 1692(g)." [DE 5 at 35]. Plaintiff also alleges that "[w]ithin thirty (30) days after receiving the initial communication from the Defendant, Plaintiff notified the Defendants in writing that he disputed the alleged debt . . . Notwithstanding Plaintiff's written dispute, Defendant failed to obtain and mail verification of the

10

debt to Plaintiff, but instead, continued and continues to collect the alleged debt, in violation of 15 U.S.C. § 1692g(b)[1]." *Id.*

Defendant disagrees, arguing that 15 U.S.C. § 1692(g) is inapplicable because the only communication at issue was "a communication in the form of a formal pleading in a civil action" which, under § 1692(g)(a), "shall not be treated as an initial communication." [DE 9 at 112]. Plaintiff does not dispute Defendant's argument that the only communication was in the "form of a formal pleading."

15 U.S.C. § 1692(g) is inapplicable to this case. The alleged communication is not an "initial communication," thus Defendant's conduct never triggered the notice obligation of 15 U.S.C. § 1692g(a). *See* 15 U.S.C. § 1692(d) ("A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a)"). Furthermore, because § 1692g(a) was not triggered, Defendant did not violate § 1692g(b) by failing to "obtain and mail verification of the debt to Plaintiff." *See Allen v. Bank of Am., N.A.*, No. 11 C 9259, 2012 WL 5412654, at *5 (N.D. Ill. Nov. 6, 2012) ("If the collector never sends the debtor a § 1692g(a) notice, then the thirty-day period never commences or occurs, which means that it is impossible for the debtor to demand validation within that (non-existent) thirty-day period. Under these circumstances, § 1692g(b)'s requirement that the collector validate the debt is never triggered"); *See also Settle v. Sw. Bank*, No. 4:10CV119HEA, 2010 WL 2041366, at *3 (E.D. Mo. May 21, 2010) ("Plaintiff fails to allege the condition precedent, i.e., that there was an initial communication from Defendant, such that Plaintiff has failed to state a claim for relief under the

---

[1] U.S.C. § 1692g(b) provides, in pertinent part: "If the consumer *notifies the debt collector in writing within the thirty-day period described in subsection (a)* that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector."

FDPA. Indeed, there is no allegation whatsoever that Defendant had any communication with Plaintiff"); *See also Abdullah v. Ocwen Loan Servicing, Inc.*, No. 5:12-CV-369 CAR, 2014 WL 4851760, at *6 (M.D. Ga. Sept. 29, 2014) ("It appears § 1692g(b) is dependent upon the conditions precedent of § 1692g(a) having occurred"); *See also Diaz v. Argon Agency Inc.*, No. CV 15-00451 JMS-BMK, 2015 WL 7737317, at *4 (D. Haw. Nov. 30, 2015) ("The thirty day period within which a debt collector must validate a debt runs from the date the debt collector sent the debtor a § 1692g(a) notice. Without first alleging that Defendant sent a § 1692g(a) notice, Plaintiff has failed to state a claim that Defendant failed to validate the debt in violation of § 1692g(b)").

Plaintiff has failed to state a viable claim under § 1692g. As a result, the Court will dismiss Count IV.

### IV. CONCLUSION

For the reasons above, and being otherwise sufficiently advised, **THE COURT HEREBY ORDERS AS FOLLOWS**:

(1) Defendant's Motion to Dismiss [DE 4] is **DENIED AS MOOT**.

(2) Defendant's Motion to Dismiss Amended Complaint [DE 7] is **GRANTED** as to Counts I, III, and IV.

Copies to:   Counsel of record